UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN THE MATTER OF:

BARRETT HOLLOWAY MOORE          Chapter 7
                                                     Case No. 17-20106-dob
                                                     Hon. Daniel S. Opperman
                            Debtor(s)
_____/

## STIPULATION FOR 2004 EXAMINATION OF DEBTOR

       Randall Frank, Chapter 7 Trustee and the Debtor, by and through their undersigned counsel stipulate to the entry of the Order attached here as Exhibit A.

Agreed:

| OSIPV BIGELMAN, P.C. | WARDROP & WARDROP, P.C. |
|---|---|
| /S/ Jeffrey H. Bigelman | /S/ Robert F. Wardrop, II |
| Jeffrey H. Bigelman (P61755) | Robert F. Wardrop, II (P31639) |
| Attorney for Trustee | Attorney for Debtor |
| 20700 Civic Center Drive #420 | 300 Ottawa Ave NW Ste 150 |
| Southfield, MI 48076 | Grand Rapids, MI 49503-2308 |
| 248-663-1800 | (616) 459-1225 |
| Jhb_ecf@osbig.com | robb@wardroplaw.com |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN THE MATTER OF:

BARRETT HOLLOWAY MOORE           Chapter 7
                                                    Case No. 17-20106-dob
                                                    Hon. Daniel S. Opperman
                         Debtor(s)
_____/

**ORDER GRANTING STIPULATION FOR 2004 EXAMINATION OF DEBTOR**

       THIS MATTER having come before the Court upon a Stipulation between the Debtor and the Trustee, after having a Court having heard the matter in open Court on May 12, 2017, wherein the Court considered the following matters:

1. Subpoena issued by Trustee, docket #43;
2. Brief in Support of Debtor's Motion to Establish Terms and Conditions of Bankruptcy Rule 2004 Examination of the Debtor, docket #48;
3. Objection to Motion to Quash Subpoena and for Alternate Relief filed by the Trustee, docket #56;
4. Objection to Motion for 2004 Examination filed by the Trustee, docket #58;
5. Response to Motion for 2004 Examination and Motion to Quash filed by Trustee, docket #72.

The Court having ruled on the matters and the Court being duly advised in the premises:

       IT IS HEREBY ORDRERED that the Debtor shall appear for a 2004 Examination at the law offices of Henry Knier within three weeks of the Court making a determination of the conflict of interest issue raised by the Debtor on a day when Judge Opperman will be in his Bay City office.

       IT IS FURTHER ORDERED the Debtor shall produce the following documents that are within his possession, custody or control (which includes attorneys and accountants) within 7 days after the Court makes a determination on the conflict of interest issue:

1. For the years 2005-2016, all Federal Income Tax Return Transcripts shall be produced, as Barret H. Moore has represented that that he has not filed Income Tax Returns after 2006;

2. From January 1, 2011 through the present, all documents reflecting any income or compensation earned by Barrett H. Moore;

3. From January 1, 2011 through the present, all demand deposit accounts, savings accounts, checking accounts, Christmas Club accounts at any financial institution, including banks and credit unions, titled in the name of Barrett H. Moore or where Barrett H. Moore has a

right of withdrawal or signing authority including, but not limited to, account statements and check ledgers;

4. Documents reflecting safety deposit boxes to which Barrett H. Moore has access and the location of such safety deposit boxes;

5. From January 1, 2011 through the present, all documents reflecting any real property in which Barrett H. Moore has any interest including as a joint tenant, a joint tenant with right of survivorship, a co-tenant, a person entitled to exercise an option or a person who possesses a right of first refusal;

6. All documents reflecting the settlement agreement between Barrett H. Moore, Triple Canopy Group, Inc. and Triple Canopy, Inc. including, but not limited to:

    - Settlement Agreement, consideration paid, and disposition of the proceeds from the settlement.

These shall be produced subject to a protective order to be agreed to by the parties.

7. All documents reflecting the owner of the following domain names:

    - agfarm.com
    - barrettmoore.org
    - barrettmore.com
    - barrett-h-moore.org
    - barretthollowaymoore.us
    - barrettmore.us
    - barrett-moore.org
    - barrett-moore.com
    - barretthmoore.net
    - declineofamericanpower.com
    - 360.tm
    - globalfinancialinstability.com
    - preparednesswager.com
    - social-catastrophe.com
    - civildefense.com
    - lifecontinuity.co

8. From January 1, 2011 through the present, all documents reflecting loans obtained by Barrett H. Moore including promissory notes, other instruments securing repayment of the loans (mortgages, security agreements or the like), and evidence of disbursement of loan proceeds;

9. Articles of organization and operating agreements for all limited liability companies in which Barrett Moore is or has been a member within the last 10 years, including but not limited to Pumphouse Holdings, LLC[1], Hassler Farm Road LLC, and Resort Road LLC;

10. Articles of organization and operating agreements for all limited liability companies in which any trust of which Barrett H. Moore has been has been a member within the last 10 years, including but not limited to Pumphouse Holdings, LLC, Hassler Farm Road LLC, Resort Road LLC;

11. All trust documents where Barrett H. Moore has/is a beneficiary, a settlor, or has transferred any property into in the six years preceding the filing of the petition;

12. From January 1, 2011 through the present, all documents concerning demand deposit accounts titled in the name of any limited liability company in which Barrett H. Moore has been a member, including, but not limited to, account statements, cancelled checks and check ledgers;

13. From January 1, 2006 through the present, all documents concerning demand deposit accounts titled in the name of any limited liability company in which a trust of which Barrett H. Moore is the beneficiary, settlor, or has transferred property to including, but not limited to, account statements, cancelled checks and check ledgers;

14. All documents reflecting any contracts or other agreements between Sec Ref I, LLC and Barrett Moore;

15. All documents reflecting any contracts or other agreements between Algonquin Farms, LLC and Barrett Moore;

16. All documents reflecting any contracts or other agreements between Bearing360, LLC and Barrett Moore;

17. **Removed.**

18. In regard to the settlement agreement between Sec Ref I, LLC and John Templeton in *Sec Ref I, LLC v John M. Templeton,* U.S.D.C. Case No. 2:14-cv-00771-SD (Eastern District of Pennsylvania) the Debtor shall provide an affidavit stating the amount of the settlement, who paid the settlement, who received the settlement proceeds and documentation evidencing the disposition of those proceeds. This information shall be subject to the Protective Order.

19. **Removed.**

20. From September 11, 2011 through the present, all documents reflecting communications between Barrett H. Moore and any employee, agent, attorney, director or officer of

---

[1] On June 17, 2009, the Cook County Circuit Court of Illinois found that Pumphouse Holdings, LLC, Hassler Farm Road LLC, and Resort Road LLC were alter egos of the Debtor

Citizens National Bank of Cheboygan regarding a September 9, 2011 Settlement Agreement between Moore and others and Citizens National Bank;

21. All appraisals, financial statements or other valuations that support, tend to support or relate in any way to Barrett Moore's assertion in his Statement of Financial Affairs that the "liabilities of [US 31 Highway, LLC] exceed assets as of time Moore departed role as manager;"

22. From January 1, 2015 through the present, all documents reflecting the living expenses, the payment and source of such expenses of Barrett Moore, Mary S. Moore and their dependents, including, but not limited to, expenses for;

23. Photographs of the 7 pistols referenced in Schedule B Paragraph 10 of the Bankruptcy Schedules;

24. A copy of the Sybil Nelson Trust Agreement, all amendments, bank statements for the last 3 years and an inventory of all assets;

25. A copy of the Option to Purchase Real Property referenced in Schedule B paragraph 25 of the Bankruptcy Schedules;

26. Produce all trade secrets referenced in Schedule B paragraph 26 of the Bankruptcy Schedules;

27. **Removed.**

28. Produce documentation evidencing all debts listed in Schedules D, E and F;

IT IS FURTHER ORDERED that the documents that were omitted from this Order pursuant to the Court's Order were made without prejudice.

IT IS FURTHER ORDERED that creditor attorney's may appear for the examination upon advance notice being given to counsel for the Debtor.