UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - BAY CITY

IN THE MATTER OF:

BARRETT HOLLOWAY MOORE,
SS# xxx-xx-2220

    Debtor.
_____/

Case No. 17-20106-dob
Chapter 7
Hon. Daniel S. Opperman

## ADDENDUM TO INITIAL STATEMENT OF ATTORNEY FOR DEBTOR(S) PURSUANT TO F.R.BANKR.P. 2016(b)

663701061417.Addendum

# United States Bankruptcy Court
## Eastern District of Michigan

In re **Barrett Holloway Moore**  
Debtor(s)

Case No.  
Chapter **7**

### STATEMENT OF ATTORNEY FOR DEBTOR(S)
### PURSUANT TO F.R.BANKR.P. 2016(b)

The undersigned, pursuant to F.R.Bankr.P. 2016(b), states that:

1. The undersigned is the attorney for the Debtor(s) in this case.

2. The compensation paid or agreed to be paid by the Debtor(s) to the undersigned is: [Check one]

   [ X ]  **FLAT FEE**
   - A. For legal services rendered in contemplation of and in connection with this case, exclusive of the filing fee paid ..... **5,000.00**
   - B. Prior to filing this statement, received ..... **5,000.00**
   - C. The unpaid balance due and payable is ..... **0.00**

   [ ]  **RETAINER**
   - A. Amount of retainer received .....
   - B. The undersigned shall bill against the retainer at an hourly rate of $____. [Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

3. $ **335.00** of the filing fee has been paid.

4. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including: [Cross out any that do not apply.]
   - A. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   - B. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   - C. ~~Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;~~
   - D. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
   - E. ~~Reaffirmations;~~
   - F. ~~Redemptions;~~
   - G. Other:

5. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
   **Representation of the debtor at the meeting of creditors and any adjourned hearings thereof; in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceedings, hearings on any motion or reaffirmations, preparation and filing of State Court Discharge of Judgment Liens following Bankruptcy Discharge.**

6. The source of payments to the undersigned was from:
   - A. ____ Debtor(s)' earnings, wages, compensation for services performed
   - B. **XX** Other (describe, including the identity of payor)  **Mary Moore - non-filing spouse**

7. The undersigned has not shared or agreed to share, with any other person, other than with members of the undersigned's law firm or corporation, any compensation paid or to be paid except as follows:

Dated: **January 24, 2017**

/s/ Robert F. Wardrop II  
Attorney for the Debtor(s)  
**Robert F. Wardrop II (P31639)**  
**Wardrop & Wardrop, P.C.**  
**300 Ottawa Avenue, N.W.**  
**Suite 150**  
**Grand Rapids, MI 49503-2308**  
**(616) 459-1225 bkfilings@wardroplaw.com**

Agreed: **/s/ Barrett Holloway Moore**  
**Barrett Holloway Moore**  
Debtor

Debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com  
Best Case Bankruptcy

17-20106-dob   Doc 1    Filed 01/24/17   Entered 01/24/17 16:37:41   Page 8 of 27  
17-20106-dob   Doc 99   Filed 06/14/17   Entered 06/14/17 14:51:26   Page 2 of 6

# CONTRACT FOR LEGAL SERVICES

This agreement is made on January 24th, 2017 between WARDROP & WARDROP, P.C., of 300 Ottawa Avenue, N.W., Suite 150, Grand Rapids, MI 49503, and BARRETT HOLLOWAY MOORE [referred to below as "Client"].

1. The Client requires legal services regarding a Chapter 7 bankruptcy and wishes to employ WARDROP & WARDROP, P.C. to handle the matter.

2. The Client retains WARDROP & WARDROP, P.C. as attorneys for matters relating to this legal action.

3. The Client agrees to pay WARDROP & WARDROP, P.C. the following fees:

   A) The sum of $4,623.95 as its attorney fees plus the Bankruptcy Court's filing fee of $335, $1.05 copy charge for Judgment Lien, $40 Credit Report and all other costs incurred for the enforcement, prosecution, or defense of the legal action. Such costs may include photocopying, postage, and telephone calls. The $4,623.95 attorney fees covers the following basic services:

      1) Analysis of the Client's financial situation, and rendering advice to the Client in determining whether to file a petition in bankruptcy; and

      2) Counseling you in preparing:

         a. the Chapter 7 Bankruptcy Petition;
         b. the Schedules and Statement of Affairs accompanying the Petition; and
         c. any other papers, pleadings, or reports the U.S. Bankruptcy Court requires.

   Client has made an advance payment of $5,000, which represents $4,623.95 for attorney fees, $335 for the Bankruptcy Court's filing fee, $1.05 copy charge for Judgment Lien and $40 Credit Report.

   B) Any additional or supplemental services will be charged at WARDROP & WARDROP, P.C.'s standard hourly rates plus any related reimbursable expenses. The standard hourly rate for Robert F. Wardrop II is $350 per hour and the standard hourly rate for Denise D. Twinney is $250 per hour (billed in minimum .1 hour increments). The additional or supplemental services may include:

      1) Attending the first creditors' meeting and any adjourned hearings thereof;

      2) Defending you against any complaint to dismiss your Chapter 7 petition that the trustee or any other party-in-interest files;

3) Defending you in any adversary proceeding or other contested matter brought by a creditor or the trustee;

4) Reviewing, completing and e-filing any requested Reaffirmation Agreements;

5) Defending you against any secured creditors' motion to lift the automatic stay; and

6) Appealing any order or judgment entered against you.

We are not contracting at this time to provide such services, and we will provide such services only if specifically contracted to do so at a later date.

Any additional or supplemental fees, expenses, including, for example, but not limited to discharging State Court Judgment liens following entry of your Chapter 7 Discharge, or costs charged to the attorney will be billed to Client. The Client agrees to pay any and all fees, expenses, and costs directly to Wardrop & Wardrop, P.C.

C) Client agrees that the fee is based not merely on the purchase of a fixed amount of attorney time, but also on Rule 1.5 of the Michigan Rules of Professional Conduct, including:

1) The time and labor required, the novelty and difficulty of the questions involved, and the expertise and skill requisite to perform the legal service properly.

2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

2) The amount involved and the results obtained.

3) The time limitations imposed by Client or by the circumstances.

4) The experience, reputation, and ability of the lawyer performing the legal services.

7) Nature/length of professional relationship with client.

4. WARDROP & WARDROP, P.C. agrees to accept this fee from the Client and to perform necessary legal services with diligence and dispatch in connection with this legal action.

5. The Client understands that Rule 1.16 of the Michigan Rules of Professional Conduct allows WARDROP & WARDROP, P.C. to withdraw from representation of the Client if any of the following occurs:

A) The Client insists upon pursuing a course of action that the lawyer considers repugnant or imprudent or reasonably believes to be criminal or fraudulent.

B) The Client fails to pay the fees required under this contract after reasonable warning that non-payment will result in withdrawal.

C) Continued representation will result in an unreasonable financial burden on the lawyer.

6. Client understands that he/she is unable to obtain a discharge in his/her Chapter 7 proceeding unless Client has completed a required instructional course in personal financial management. This Debtor Education course and any associated cost is in addition to the pre-filing credit counseling and is Client's sole responsibility to complete. Client must complete this course in order to be eligible for discharge of his/her debts.

7. Client is advised that the attorney retains client's files for a period of five (5) years from the termination of representation (Discharge in a No Asset case; and issuance of Trustee's Final Report and Account in an Asset case).

If Client wishes any original documents returned to him/her after the file is closed, the Client must submit a written request for the documents prior to the expiration of the five (5) year period. One year after closing the file, the written request must include payment of one hour of Paralegal time to obtain the documents requested. Attorney will return all original documents to the Client upon receipt of the written request. Client agrees to pay a $0.25 per page charge for all copies of all non-original documents requested by the Client. On the expiration of the five (5) year period, Client waives all rights to the file and hereby expressly agrees to allow attorneys the rights to destroy such file without notice to the Client.

8. The Client hereby acknowledges receipt of a copy of this Contract For Legal Services.

Signed in Grand Rapids, Michigan on the date and year first written above.

_____
Barrett Holloway Moore
Client

Accepted By:

WARDROP & WARDROP, P.C.

By: _____
Robert F. Wardrop II (P31639)
Denise D. Twinney (P40735)

663701.012417.FeeAgmt

Prior payments made to Debtor's attorney within one year of bankruptcy – payments were related to the State Court proceeding and not this bankruptcy, but are disclosed so that there can be no question of full disclosure:

September 9, 2016 – Payment from Bedrock MCM, LLC     $3,500.00
October 18, 2016 – Payment from Bedrock MCM, LLC     $5,606.00


663701061417.Payments