UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

BARRETT HOLLOWAY MOORE,  Case No. 17-20106-dob
    Debtor.  Chapter 7 Proceeding
  Hon. Daniel S. Opperman
_____/

OPINION REGARDING DISQUALIFICATION OF
OSIPOV BIGELMAN, P.C., AS SPECIAL LITIGATION COUNSEL FOR TRUSTEE

Introduction

There is more to this case than meets the eye. For years prior to the Debtor's January 24, 2017, petition seeking relief under Chapter 7 of the Bankruptcy Code, Brad Thor, a creditor of the Debtor, was engaged in litigation with the Debtor involving claims made by Mr. Thor against the Debtor and counter-claims asserted by the Debtor against Mr. Thor. Although the Cheboygan County Circuit Court ruled against the Debtor and in favor of Mr. Thor, the Debtor filed an appeal to the Michigan Court of Appeals that was pending when the Debtor filed his petition. After one set of Mr. Thor's attorneys, Osipov Bigelman, P.C. ("Osipov"), filed an appearance in this case, the Chapter 7 Trustee, Randall Frank, filed an Application to Employ Osipov as Special Litigation Counsel for Trustee ("Application"). At least one creditor, Citizens National Bank of Cheboygan ("Citizens National"), objects to the employment of Osipov, asserting that a conflict of interest exists between the bankruptcy estate and Mr. Thor. Because this Court agrees that a conflict of interest does exist, the Court disqualifies Osipov from acting as special counsel for the Trustee.

1

Findings of Fact

Not all facts are certain given the early stage of this case. The Court gleans the following facts from the pleadings and arguments to date.

The Debtor was engaged for many years in the business of advising individuals on how to survive during uncertain economic times. The techniques and advice given by the Debtor to others is not well developed, but the Debtor offered to provide certain individuals with strategies and a safe haven in the event of a financial or political meltdown. To do so, the Debtor created a number of entities and organizations, all of which the Trustee wishes to investigate. Many years ago, the Debtor's fortunes began to turn, however, and he was unable to maintain his business. One of his major creditors, Citizens National, obtained a judgment against the Debtor and is currently owed over $3,500,000. As stated by Citizens National, it has worked with the Debtor for approximately seven years to liquidate and unwind the Debtor's business and generate funds to pay Citizens National's judgment.

In 2016, Mr. Thor obtained a judgment against the Debtor in the amount of $350,000. Mr. Thor and Citizens National do not agree on the best method to collect their respective judgments and it appears that each has taken every appropriate step available to frustrate the other.

After the Debtor filed his January 24, 2017, bankruptcy petition with this Court, members of Osipov filed three separate appearances. On February 28, 2017, the date of the first meeting of creditors, the Trustee filed the Application, which stated:

> 4. The Trustee requires the advice and assistance of counsel for the following purposes:
>
> (a) To give the Trustee legal advice with respect to his powers and duties;
>
> (b) To prepare on behalf of the Trustee all necessary applications, answers,

orders, reports and other legal papers;

    (c) To conduct negotiations with unsecured creditors, secured creditors and taxing authorities;

    (d) To pursue Chapter 5 causes of action;

    (e) To represent the Trustee in pending Adversary Proceeding; and

    (f) To perform all other legal services for the Trustee as may be necessary herein.

Attached to the Trustee's Application was a Statement of Disinterestedness in which Mr. Osipov, on behalf of Osipov, stated the following:

    4.    The Firm currently represents Brad Thor, a judgment creditor in the present bankruptcy case.

    5.    The Firm's representation of Brad Thor creates no conflict that would preclude it from serving as special litigation counsel to the estate. *See e.g. In re Dev. Corp. of Plymouth, Inc.,* 283 BR 464 (Bankr. E.D. Mich. 2002).

. . .

    7.    I have been advised that the Debtor has numerous creditors and, accordingly, the Firm may have rendered services or had business associations with such creditors or their counsel in the ordinary course of the Firm's business, but none of these services have been in connection with, or will impact this proceeding.

    8.    In accordance with 11 U.S.C. § 101(14)(C), neither I, the Firm, nor any of its members have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

    9.    The Firm has not made any agreement to share compensation in this case and affiant knows of no reason why the Firm should not act as attorneys for the Trustee.

The Court has been advised that members of Osipov attended the first meeting of creditors on February 28, 2017. Since then, Osipov has filed objections to the Debtor's claim of exemptions, initiated discovery, and filed an adversary proceeding on behalf of Mr. Thor against the Debtor on April 28, 2017. In this adversary proceeding, Mr. Thor seeks to have the obligation owed to him excepted from discharge pursuant to Section 523.

The discovery requests advanced by Osipov brought responses by the Debtor and prompted

the Debtor to file a series of motions to set the parameters for a 2004 examination and to quash a subpoena. The Court held a hearing regarding the Debtor's Motions on May 4, 2017. At that hearing, counsel for the Debtor advised the Court of his concern regarding the potential conflict of interest between the bankruptcy estate and Mr. Thor with Osipov representing both entities. Since no formal motion was before the Court on May 4, 2017, the Court did not take any affirmative action that day. On May 8, 2017, however, this Court entered an Order Directing Counsel for Trustee to Submit Pleading Addressing Potential Conflict of Interest. Pertinent portions of this Order state:

> On February 28, 2017, the Chapter 7 Trustee filed an Application to Employ Osipov Bigelman, P.C. as Special Litigation Counsel. The Statement of Disinterestedness included in the Application indicates that Osipov Bigelman, P.C. represents Brad Thor, a judgment creditor in this bankruptcy. The Affidavit also states that the firm's representation of Brad Thor creates no conflict that would preclude it from serving as special litigation counsel to the estate.
>
> It has come to the Court's attention that the Debtor has included in his Schedules and Statement of Financial Affairs a potential asset that includes a cause of action against Brad Thor. The Court is also advised that the Debtor is an appellant in a case involving Brad Thor presently pending in the Michigan Court of Appeals. The Debtor raised this issue at a hearing on May 4, 2017, but in a manner that would not allow either the Trustee, the law firm of Osipov Bigelman, P.C., or the Court to fully consider the potential issues that arise. After consideration of this matter, the Court has concluded that the Trustee and Osipov Bigelman, P.C. should be allowed the opportunity to address this potential conflict of interest.
>
> NOW, THEREFORE, IT IS HEREBY ORDERED that the Chapter 7 Trustee, Randall Frank, and counsel for the Chapter 7 Trustee, Osipov Bigelman, P.C., must file a pleading with the Court detailing whether the Trustee and Osipov Bigelman, P.C. consider this to be a conflict of interest, and if so, the steps that should be taken to address the conflict of interest. Any such pleading must be filed by May 26, 2017.
>
> IT IS FURTHER ORDERED that any party in interest, including any creditor or the Debtor, may file a responsive pleading on or before June 9, 2017.

Subsequently, the Court was advised that Osipov wished to accelerate the time frame set by

the Court and the Court modified that time schedule accordingly.

The Trustee and Osipov filed a response to the May 8, 2017, Order of this Court, which in turn drew responses by the Debtor and his non-filing spouse, Mary Moore. Also, Citizens National filed an Objection to the continued employment of Osipov for the Trustee. In the interim, the Trustee also filed an Application to approve the employment of Smith, Martin, Powers & Knier, P.C. as general counsel and to advise the Trustee as to matters regarding Mr. Thor. Finally, as a joint response, the Trustee and Osipov stated that the Debtor did not have standing to raise a conflict pursuant to 11 U.S.C. § 327(c), but that in any event, Osipov would not handle any Section 727 action and that "Osipov Bigelman, P.C. voluntarily agrees not to file an adversary proceeding against the Debtor."

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Statement of Authorities

11 U.S.C. § 327(a) and (c) state:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
>
> . . .
>
> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

5

Analysis

Standing

The Trustee and Osipov are correct that the Debtor alone does not have standing to object to the hiring of counsel by the Trustee. This rule is commonsensible in that often a debtor is in complete opposition to the goals of a Trustee and therefore should not be allowed to pick or have input as to the employment of professionals by the Trustee. In this case, however, at least two others, Citizens National and Mary Moore, have filed objections to the employment of Osipov. One of these individuals, namely Mary Moore, is the non-filing spouse of the Debtor and it is not surprising that she shares her husband's concern about employment of Osipov. While nominally labeled as a creditor in this estate, the Court notes that Mary Moore is not unbiased and has her husband's best interests at heart. The same cannot be said for Citizens National, however. Citizens National has a judgment with a current balance in excess of $3,500,000 and clearly has an economic interest to see that it receives as much payment from the Debtor as possible.

Disqualification Pursuant to 11 U.S.C. § 327(c)

In its Response, Citizens National vehemently objects to the retention of Osipov on behalf of the estate and cites at least two reasons why it reaches that conclusion. First, Citizens National sees the inherent conflict of interest between Osipov representing a major creditor of the Debtor when that same individual, Mr. Thor, has a claim against him that is property of the estate. At first blush, this conflict is clear and appears to be difficult to avoid.

Osipov offers the solution of having other counsel advise the Trustee of any claims against Mr. Thor. While this solution has some merit, upon further reflection it lacks the necessary substance and protection for the estate. It is true that the Trustee would receive separate and

6

independent advice regarding Mr. Thor and the claims against Mr. Thor, but there is no protection that when Osipov advises the Trustee about its investigation against the Debtor that this information would not be slanted. Also, there is the unavoidable conflict between the rights asserted by Osipov on behalf of Mr. Thor in the Section 523 adversary proceeding, as opposed to the potential Section 727 action that the estate may have against the Debtor. The remedies under the two statutes are directly contradictory: under Section 523, a specific creditor seeks an exception from discharge; under Section 727, the debtor is not entitled to a discharge of all obligations. It would be better for Mr. Thor to prevail on the Section 523 action and then have a single separate avenue to collect the money owed to him, as opposed to having the entire discharge denied as to all creditors. Also, the mere maintenance of the Section 523 action by Osipov runs directly contrary to the joint response filed by Osipov in which it agrees to not file an adversary proceeding against the Debtor when, such an adversary proceeding has already been filed against the Debtor, albeit on behalf of Mr. Thor.

Second, the continuation of representation by Osipov takes all parties into murkier waters regarding the compensation paid by Mr. Thor to Osipov and the possible effect that could have in this case. In that regard, it should be abundantly clear that Osipov is entitled to be paid for its services rendered on behalf of Mr. Thor by Mr. Thor. Unfortunately, however, it is impossible to distinguish what services are rendered on behalf of the estate or Mr. Thor at any given moment such that every party may question whether Osipov is acting appropriately.

The Court fully understands that there are certain efficiencies and synergies when counsel for a creditor can share information with the Trustee and represent the Trustee in certain matters. In these instances, the estate and the Trustee benefit from the experience gained by counsel for the creditor in regard to the specific debtor's unique set of facts. Many times, this Court approves

special counsel for the Trustee, especially in cases involving personal injury or class action lawsuits in which the debtor has retained an attorney, but has subsequently filed a bankruptcy petition. Here, in this case, however, the conflict of interest is between a Debtor and a creditor caused not because the creditor is owed money by the Debtor, but because the Debtor has a claim against the creditor who is represented by the same counsel as proposed by the Trustee. This creates a conflict of interest of the counsel, no matter how sincere the intention of counsel.

In this regard, neither the Trustee or Osipov has explained to the Court why counsel selected by the Trustee for general matters and for the prosecution of any claims involving Mr. Thor cannot handle the issues that may be raised by the estate against the Debtor. This approach, which avoids any potential conflict of interest, allows Osipov to share the information it has gained over the years involving the Debtor, but still have highly competent and skilled counsel represent the Trustee not only against the Debtor, but Mr. Thor.

The Court has also considered the other point raised by Citizens National, which is the conflict between Citizens National and Mr. Thor. The Court notes that conflict, but does not find the conflict alone to be determinative. Conflicts amongst creditors often exist as to the priority or the nature of claims made by one creditor of the estate which impacts another creditor. Here, however, the Court notes that there is a certain conflict that is inherent between Citizens National and Mr. Thor that appears to be incapable of resolution without a court order. If that is the case, Citizens National is entitled to a perceived neutral attorney as much as Mr. Thor. Again, this end is reached by having the Trustee have separate counsel who is more than capable of handling the issues presented in this case.

Accordingly, the Court concludes that the objections raised by Citizens National are

sufficient to compel the Court to disqualify Osipov pursuant to 11 U.S.C. § 327(c). The Court therefore disqualifies Osipov from representing the Trustee in this case. Osipov may continue to represent Mr. Thor in this proceeding.

**Signed on July 14, 2017**



/s/ Daniel S. Opperman
**Daniel S. Opperman
United States Bankruptcy Judge**