UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN THE MATTER OF:

BARRETT HOLLOWAY MOORE,           Case No. 17-20106-dob
SS# xxx-xx-2220                          Chapter 7 filed 01/24/17
                                        Hon. Daniel S. Opperman

     Debtor.
_____/

## PROTECTIVE ORDER

This matter having come before the Court pursuant to the Motion For Protective Order (Doc 113), an Objection having been filed by Creditor Brad Thor, a Response having been filed by the Chapter 7 Trustee and a hearing having been held on August 31, 2017; for good cause shown, the Court hereby finds a need for relief and being duly advised in the premises enters this **PROTECTIVE ORDER** relating to documents and testimony in this case, and the parties having agreed to the form[1] of this Order:

1.    **Purpose and Limitations**.  This Protective Order issued pursuant to Fed. R. Bankr. P. 9018 does not prevent documents and testimony from being used or filed in the ordinary course of this bankruptcy proceeding.  Rather, it is narrowly drawn for the purpose of preventing use of discovery and litigation materials outside of this bankruptcy forum.  This Protective Order does not entitle any party to file information under seal, nor does it seek to prevent the Court from docketing filed documents electronically.

2.    **Protected Material**.  This Protective Order shall apply to (i) all documents produced in response to the Court's June 9, 2017 Order Granting Stipulation For 2004 Examination of Debtor (Doc 96); (ii) Debtor's 2004 Examination testimony, including exhibits; (iii) documents derived from or referencing same, including without limitation, copies, excerpts, summaries, or compilations; and (iv) any documents

---

[1] The parties do not agree to the substance of this Order.

filed in this matter that are scandalous or defamatory as to Debtor or his family. These materials shall collectively be referred to hereunder as "Protected Material."

3. **Access to and Use of Protected Material**.

    a. Protected Material may not be disclosed or disseminated to anyone except the following: the Debtor and his counsel, the Court, the U.S. Trustee, the Chapter 7 Trustee Randall Frank, and his counsel of record (attorney Henry Knier as of the date of this order), including their respective office staffs.

    b. Notwithstanding paragraph 3(a), Protected Material may be disclosed or disseminated to active creditors and their counsel who have signed the "Acknowledgment and Agreement to Be Bound By Protective Order" (the form of which has been approved by the parties) and provided copies of same to counsel for Debtor and the Chapter 7 Trustee.

    c. Protected Material, including electronic links and access to same, may not be used, copied, downloaded or disseminated by creditors or their counsel or anyone acting on their behalf or at their behest, for any purpose other than in the ordinary course of prosecuting, defending, or settling (including by mediation or arbitration) this bankruptcy proceeding.

    d. Notwithstanding paragraph 3a above, Protected Material may be used during depositions.

    e. Notwithstanding paragraph 3a above, Protected Material may be disclosed to any arbitrator or mediator that the Chapter 7 Trustee and Debtor have agreed to employ.

4. **Care of Protected Material**.

    a. In the event that Protected Material is used in connection with this captioned bankruptcy matter (including for settlement purposes) it shall not lose its protected status through such use.

b. All Protected Material in the possession of anyone other than the Court, the U.S. Trustee, the Chapter 7 Trustee, the Chapter 7 Trustee's counsel, the Debtor or Debtor's counsel shall be destroyed (including all copies, paper, electronic or otherwise) within 60 days of the conclusion of this bankruptcy proceeding (including appeals, if any), and said destruction certified in a writing delivered to the Debtor, or his counsel, or other producing party, within that time frame.

c. Notwithstanding paragraph 4b above, counsel that execute the "Acknowledgment and Agreement to Be Bound By Protective Order" are entitled to retain one archival copy of documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials constitute or contain Protected Material.

d. The obligations imposed by this Protective Order shall remain in effect until a producing or testifying party agrees otherwise in writing, or a court orders otherwise.

5. **Protected Material Subpoenaed or Ordered Produced in Other Litigation**. If at any time the Protected Material governed by this Protective Order is subpoenaed or requested by a court, an administrative or legislative body, or by any other person or entity purporting to have authority to require its production, the person to whom the subpoena is directed (the "Subpoenaed Party") shall give prompt notice to the producing party, provide a copy of the subpoena or request, withhold production to the extent permitted by law, and otherwise cooperate with the producing party to facilitate timely and appropriate action to prevent disclosure/production of Protected Material. Upon the filing of a motion to quash or for protective order, the Subpoenaed Party shall withhold production of documents during the pendency of

the motion, unless required by law (or court order) to not withhold production.

6. **Disputes.** The Court shall retain jurisdiction to resolve any dispute concerning the use of Protected Material disclosed hereunder.

7. **No prejudice.** This Protective Order is entered into without prejudice of any person or party to seek further protective orders, or to seek relief from this Protective Order.

8. **Expedited Relief.** To minimize the time and expense of all parties and to afford the Court an opportunity to expedite relief in the event of a standstill or deadlock concerning the disclosure of Protected Material, whether an item falls within the definition of Protected Material, and enforcement of this Protective Order, a party may contact the Courtroom Deputy, Wendy Erickson at (989) 894-8844 to request the scheduling of a telephonic hearing to resolve same.

**IT IS SO ORDERED.**

Signed on October 03, 2017



/s/ Daniel S. Opperman

Daniel S. Opperman
United States Bankruptcy Judge