UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN THE MATTER OF:

BARRETT HOLLOWAY MOORE,  Case No. 17-20106-dob
SS# xxx-xx-2220  Chapter 7
  Hon. Daniel S. Opperman
　　　　Debtor.
_____/

## CONSENT PROTECTIVE ORDER (TRIPLE CANOPY)

THIS MATTER being now before the Court pursuant to Debtor's Amended Motion for Entry of Protective Order (Triple Canopy), it appearing that due notice was given to all interested parties, and the Court being otherwise fully advised in the premises, it is hereby ORDERED as follows:

1. This Consent Protective Order (Triple Canopy) (hereinafter, "Protective Order") shall apply to counsel for a creditor who has filed a Notice of Appearance in this bankruptcy and attended the 2004 Examination of the Debtor scheduled by the Trustee (such counsel shall hereinafter be referred to as the "Bound Parties"), and the Trustee and the Debtor, their agents (including without limitation their counsel), and any persons or entities acting at the direction or on behalf of the Trustee or Debtor with respect to all documents produced by Debtor in response to numbered paragraph 18 of the Court's June 9, 2017 Order Granting Stipulation For 2004 Examination of Debtor (Doc 96). Hereinafter, such documents responsive to paragraph 18 of Doc 96 are referred to as "Triple Canopy Document(s)." The Triple Canopy Documents will include a copy of the executed Triple Canopy Settlement Agreement.

2. Debtor's counsel will mark at least the first page of each Triple Canopy Document provided to a Bound Party with the legend "CONFIDENTIAL," but an inadvertent failure to so mark a produced document that references Triple Canopy shall not

exempt such document from this Protective Order, and shall be remedied promptly by any Bound Party that notices such failure.

3. All Triple Canopy Documents, and any other document created in whole or in part from the material contained within any Triple Canopy Document are hereby deemed "Confidential Material" under this Protective Order. Confidential Material may be disclosed or made available only to the Trustee and the Trustee's counsel (currently Henry Knier), which includes members of the Trustee's office staff who have agreed to be bound by this Protective Order, and any Bound Party, which includes counsel for Brad Thor, counsel for Citizens National Bank of Cheboygan and counsel for any creditor in the bankruptcy who has filed a Notice of Appearance and acknowledge in writing that counsel has read this Protective Order. Confidential Material shall not be shown to or the contents disclosed to any other party including Bound Parties' client, without further Order of the Court. Confidential Material may not be used, copied, or disseminated for any purpose other than as required to prosecute, defend, or settle (including by mediation or arbitration) this bankruptcy proceeding, captioned above. All Confidential Material shall be destroyed (including all copies, paper, electronic or otherwise) within 60 days of the conclusion of this bankruptcy proceeding (including appeals, if any), and said destruction certified in a writing delivered to Debtor's counsel within that time frame. Debtor's counsel shall deliver a copy of such certifications to counsel for the other named parties in the disputes referenced in paragraph 18 of Doc 96 within ten (10) business days of receiving the same.

4. Notwithstanding the second sentence of paragraph 3 above, Confidential Material may be shared *in camera* with the Court, if required to further the purposes of this captioned bankruptcy proceeding. If content of the Confidential Material becomes a subject of a Court hearing, such hearing shall be conducted telephonically, or in

another manner determined by the Court that excludes from attendance anyone who is not permitted access to Confidential Material under this Protective Order (provided that counsel to Triple Canopy in the litigation referenced in paragraph 18 of Doc 96 shall be permitted to attend). Pursuant to Bankruptcy Rule 9018, in order to protect confidential commercial information, the Trustee and Debtor hereby request that the Court seal any forthcoming Court record that contains Confidential Material pursuant to this Order, and such Court record containing Confidential Material will be sealed. When presenting Confidential Material to the Court, Trustee and Debtor will inform the Court that the information constitutes Confidential Material pursuant to this Order and that the Court records containing the Confidential Material should be sealed pursuant to this Order. The Trustee and Debtor will request that the Court return to the Debtor, or destroy, any Confidential Material after this captioned bankruptcy matter (including any appeal) is concluded.

5. Notwithstanding the second sentence of paragraph 3 above, Confidential Material may be used during the Debtor's 2004 examination, provided that:

   a. the court reporter shall agree in advance, or at the time of such examination, and in writing to the terms of this Protective Order;

   b. any portion of the 2004 deposition concerning in any respect the Triple Canopy Documents, shall be separately bound, together with relevant exhibits, prominently marked with the legend, "CONFIDENTIAL—TRIPLE CANOPY" and treated thereafter as "Confidential Material" under this Protective Order, a copy of which shall be delivered by Debtor's counsel to counsel for Triple Canopy in the litigation referenced in paragraph 18 of Doc 96 within five (5) days of its receipt by Debtor's counsel;

   c. except for the court reporter, the Trustee, the Trustee's counsel, the Debtor, Debtor's counsel, and counsel to Triple Canopy in the litigation referenced in

paragraph 18 of Doc 96, and any Bound Party, no one shall be permitted to attend any portion of Debtor's 2004 deposition that concerns in any respect the Triple Canopy Documents; and

6. Notwithstanding the second sentence of paragraph 3 above, Confidential Material may be disclosed to any arbitrator or mediator that Trustee and Debtor have agreed, in writing, to employ, provided such arbitrator or mediator agrees in writing to be bound by this Protective Order.

7. In the event that any Confidential Material is used in connection with this captioned bankruptcy matter (including for settlement purposes) it shall not lose its confidential status through such use, and the party using the Confidential Material shall take all reasonable steps to maintain its confidentiality during and after such use and, notwithstanding any other provision of this Protective Order (including Paragraph 11), must continue to comply with any obligations to which such party may be subject pursuant to any other agreement regarding any Confidential Material. Notwithstanding any other provision of this Protective Order (including Paragraph 11), for the avoidance of doubt, nothing in this Protective Order affects Debtor's obligations under any other agreements by which Debtor may be bound, including without limitation any settlement agreements entered into in connection with the disputes referenced in paragraphs 6 and 18 of Doc 96.

8. If at any time the Confidential Material governed by this Protective Order is subpoenaed or requested by a court, an administrative or legislative body, or by any other person or entity purporting to have authority to require its production, the person to whom the subpoena is directed (the "Subpoenaed Party") shall give prompt notice to Debtor and/or Debtor's counsel, provide a copy of the subpoena or request, and withhold production to the extent permitted by law. If such subpoena or request seeks production of any Triple Canopy Documents (or any other

document created in whole or in part from the material contained within any Triple Canopy Document), Debtor's counsel shall deliver a copy of such subpoena or request to counsel to Triple Canopy in the litigation referenced in paragraph 18 of Doc 96. Upon the filing of a motion to quash or for protective order, the Subpoenaed Party shall withhold production of documents during the pendency of the motion, unless required by law (or court order) to not withhold production.

9. All Bound Parties and any other person or party receiving Confidential Material shall use their absolute best efforts to keep such Confidential Material confidential and not allow such Confidential Material or any part of it to become public. Any person or party who allows either the Confidential Material itself or the contents thereof to be used for a purpose not allowed by this Protective Order shall be subject to sanctions by this Court, shall be deemed to have violated this Protective Order, and also may be reported to such counsel's State Bar Association for appropriate additional sanctions. Further, the parties represented by the Bound Parties shall also be liable for sanctions that are a result of their counsel's breach of the terms of this Protective Order and it is the duty of such counsel to share a copy of this Protective Order with their clients before the Bound Party receives the Triple Canopy Documents and their contents.

10. The Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Material disclosed hereunder.

11. This Protective Order is entered into expressly to comply with any confidentiality provision contained in the Triple Canopy Documents.

12. This Protective Order is entered into without prejudice of any person or party to seek further protective orders, or to seek relief from this Protective Order.

**Signed on December 05, 2017**

13.



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge